IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIP GRIGALANZ, Y26282,**

**Petitioner,**

vs.

**KRISTI GRIGALANZ,**

**Respondent.**                                    Case No. 18-cv-161-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Phillip Grigalanz, who is currently incarcerated in Graham Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, requesting that this court intervene in his Illinois criminal case in the Jersey County Circuit Court under cause number 15-cf-188. (Doc. 1). Petitioner originally brought this action in the Northern District of Indiana on November 24, 2017. (Doc. 1). On February 1, 2018, the case was transferred into this district because Petitioner raised issues related to his criminal proceedings in Jersey County, Illinois, part of this District. (Doc. 8).

As grounds for his relief, Petitioner alleges that he "will be wrongfully adjudicated in the absence of exculpatory evidence which would arise from this case and which the Jersey County Circuit Court possesses jurisdiction but lacks force majeure to compel." (Doc. 1, p, 1). Petitioner also claims that he "lacks access to relevant . . . Indiana and Federal legal resources which are vital to

appropriate and informed case management." *Id.*

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Petition in the instant case must be dismissed for the following reasons.

## Background

After the Petition was filed, but before this case was transferred to this District, Petitioner pled guilty to a child pornography offense in Case No. 2015-cf-188 in Jersey County, Illinois on November 27, 2017.[1] He was sentenced to seventeen years in the custody of the Illinois Department of Corrections on December 4, 2017. Petitioner then filed a motion to withdraw his plea on December 14, 2017 in his criminal case. A hearing on the motion to withdraw the plea is scheduled for February 26, 2018.

Petitioner has also moved for an interim order in this case, seeking the right to communicate with his stepchild via mail, telephone, and face-to face interaction. (Doc. 4, pp. 3-5). Petitioner has also filed a Motion for Writ of Certiorari in this action, seeking resolution of questions he poses concerning his domestic relations proceedings that took place in Indiana. (Doc. 3, p. 1) (citing

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Case No. 64D01-1508-DR-006999 in the Porter Superior Court in Indiana, and Case No. 64A03-1611-DR-02736 in the trial court).

## Discussion

Although Petitioner has been sentenced, he currently has a motion to set aside his guilty plea, and a hearing date on said motion. If the trial court were to grant that motion and set aside Petitioner's guilty plea, the criminal matter would clearly be ongoing, and this case would be barred by the *Younger* abstention doctrine, which prohibits federal interference, and specifically prohibits granting injunctive relief to halt state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997).

Even Petitioner's claim regarding exculpatory evidence in his criminal case implicates *Younger* because Petitioner has not alleged that injunctive relief regarding the evidence is unavailable in the state court, and the evidence clearly relates to the investigation and prosecution of his case. *See Palmer v. City of Chicago*, 755 F.2d 560, 575 (7th Cir. 1985) (finding that *Younger* would be implicated by plaintiffs' request for allegedly exculpatory documents where the plaintiffs had ongoing criminal matters). As the Court cannot enjoin the state court proceedings without running afoul of *Younger*, this case must be dismissed at this time.

Even assuming that Petitioner's sentencing concludes the state court proceedings despite his pending motion, the case would still be dismissed. Before

a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has not exhausted his state court remedies. In fact, the relief he wants is for the state court to cease acting on his case. Petitioner must litigate his criminal matter in the state courts, and if he believes that his state criminal proceedings violated the Constitution in some way, he must fully present that claim through a complete round of state court review before bringing it in this

court.

Further, even if this Court had authority to grant the relief Petitioner now seeks under § 2254, it cannot grant this relief against Kristi Grigalanz. Petitioner has failed to name the proper respondent. Rule 2 of the Rules Governing § 2254 Cases in United States District Courts provides that the petition must name as respondent the state officer who has custody of the Petitioner. Since Petitioner is incarcerated in Graham Correctional Center, the proper respondent is the warden of that facility rather than Kristi Grigalanz.

Finally, with respect to Petitioner's pending motions in this case, neither motion is within the scope of this § 2254 proceeding.[2] Further, to the extent Petitioner seeks for this Court to insert itself into his domestic relations proceedings generally, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *Newman v. Indiana*, 129 F.3d 937, 939 (7th Cir. 1997) ("The subject of domestic relations ... is the primary responsibility of the state courts, administering state law, rather than the federal courts.").

---

[2] Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts limits the scope of § 2254 proceedings to cases involving: "(1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States; and (2) a person in custody under a state-court or federal court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States."

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484-85.

Here, no reasonable jurist would find it debatable whether this Court's ruling premised on *Younger* and Petitioner's failure to exhaust state remedies was correct. Accordingly, the Court denies a certificate of appealability.

### Conclusion

Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice as barred by the *Younger* abstention doctrine or for failure to exhaust state court remedies. All pending motions are **DENIED** as moot, and for the reasons articulated herein. The clerk shall enter judgment in

favor of respondent.

**IT IS SO ORDERED.**

*David R Herndon*    Judge Herndon
2018.02.15
16:25:53 -06'00'

**United States District Judge**